FILED

2010 Jun-30  AM 11:01
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **CASE NO. 7:08-cv-1381-SLB** |
| | } | |
| **LAND, PICKENS COUNTY,** *530.60* | } | |
| *acres situated in Pickens County,* | } | |
| *Alabama*, **GEORGE BALLARD;** | } | |
| **WILLIAM H. HUFFMAN, III,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is currently before the court on the Motion in Limine filed by the  United States to limit testimony by defendants George Ballard and William H. Huffman, III. (Doc. 50.)[1]  For the reasons set forth below, the Motion will be granted.

At issue in the trial of this eminent domain case is the determination of the just compensation due the landowners.  In its Motion in Limine, the United States seeks to exclude testimony by defendant landowners, George Ballard ("Ballard") and William Huffman, III ("Huffman")[2] based upon a speculative highest and best use valuation of the property.  (Doc. 50.)  The government does not oppose the introduction of valuation

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]As the government points out in its brief, (doc. 51, p.17), Huffman has no independent opinion of value, and would give answers identical to those given by Ballard; therefore, the court will address the motion in limine by examining the qualifications and proposed testimony by Ballard as applicable to both defendants.

testimony by Ballard's hired expert appraiser, Phillip E. Paul, MAI.  In its brief, the United States represents that Ballard's expert will offer opinions as follows: 1) the "highest and best use of the property is for crop land, pasture land for livestock production or as a rural recreational property;" 2) "the possibility of single family residential development [is] too far in the future to reasonably consider;" and 3) the value of the subject land is $1,063,200 ($2,000 per acre).  (Doc. 55, p. 4.)

However, the United States objects to valuation testimony by Ballard that subdivision of the property, and resale of five-acre lots at an average value of $3,500 per acre, is the highest and best use of the land.  (*Id.*)  In support of its motion to exclude this testimony by Ballard the government contends 1) that while a property owner may be competent to testify by virtue of the presumed special knowledge attributed to landowners, Ballard's testimony must satisfy the requirements stated in *Daubert v. Merrill Dow. Pharm., Inc.*, 509 U.S. 579, 589-90 (1993); 2) highest and best use is not based upon a subjective value to the landowner for his own purpose; and 3) Ballard has not presented credible evidence demonstrating that his proposed highest and best use is reasonably probable and not speculative.  (Doc. 50, p.2.)

In response, Ballard argues that he "is a substantial landowner and has vast experience."  (Doc. 53, p.1.)  In his Affidavit, Ballard states that he has lived his entire life in three western Alabama counties: Dallas, Pickens, and Tuscaloosa.  (Doc. 53-2, p.1 Aff. Ballard.)  He states that he has bought and sold land throughout Alabama and other states and that he is "familiar with the use to which land is put in rural counties, [and, in

particular], with tracts used principally for farmland, pasture and timberland and their recreational use." (*Id.*) Ballard supports his valuation of the property by pointing out that he is knowledgeable of growth trends in general, and that adjacent rural property has recently been sold for development. (*Id.*, p.2.) Specifically, Ballard asserts that "he developed data" by utilizing the Pickens County Revenue Commissioner's website to research sales of lots in the area north of the subject property, and central to west-central Pickens County, as well as sales of 1-5 acre plots in the three year period preceding the taking at issue in this case. (*Id.*)

In its Reply, the government challenges Ballard's proffered data by showing that it was developed after the close of discovery and it does not constitute credible evidence of comparable sales. (Doc. 54, pp. 2-3.) The government does not challenge Ballard's qualification to give comparable sales testimony as a landowner, however, it contends that "facts about Ballard's investments in the 1980's and 1990's" do not constitute credible sales evidence, and, thus, "are only relevant to his qualifications," as a potential expert. (*Id.* p. 2.)

**Qualification to Testify Regarding Comparable Sales**

"[I]t is the general rule that an owner, because of his ownership, is presumed to have special knowledge of the property and may testify to its value." *United States v. Sowards*, 370 F.2d 87, 92 (10th Cir. 1966). Nevertheless, the scope of Ballard's testimony is not unlimited. The landowner, "may prove the market value of his property either by submitting direct evidence of comparable sales, or by presenting the testimony

3

of an expert witness qualified to appraise the property's market value." *United States v. 0.161 Acres of Land, More or Less, Situated in the City of Birmingham, Jefferson County, Alabama*, 837 F.2d 1036, 1039 (11th Cir. 1988) (citing *United States v. 429.59 Acres of Land*, 612 F.2d 459, 462 (9th Cir. 1980); *United States v. 320.0 Acres of Land, More or Less, in the County of Monroe, State of Fla.*, 605 F.2d 762, 799 n. 64 (5th Cir. 1979)).[3]

"Comparable sales[4] may be admitted as direct proof of value, or to support the opinion of an expert testifying as to the value of the property taken." *320.0 Acres,* 605 F.2d at 799 n. 64 (citations omitted).  Ballard is thus correct in his understanding that he

---

[3]The Eleventh Circuit, in the en banc decision in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[4]"'[C]omparability is largely a function of three variables: characteristics of the properties, their geographic proximity to one another, and the time differential.'" *0.161 Acres* 837 F.2d at 1043 (quoting *320.0 Acres,* 605 F.2d at 798).  In some instances, evidence of comparable sales, which took place after the taking, may be admissible.  *0.161 Acres*, 837 F.2d at 1044; *United States v. 4.85 Acres of Land, More or Less, Situated in Lincoln County, State of Montana*, 546 F.3d 613, 618 (Mont. 2008) ("The general rule favoring admission of post-taking sales is 'limited . . . by the consideration that a condemnation itself may increase prices and the government should not have to pay for such artificially inflated values.") (citations omitted)).  The trial court has discretion in determining the comparability of sales and may exclude evidence that is too remote in time.  *United States v. 33.90 Acres of Land, More or Less, Situated in Bexar County, State of Texas*, 709 F.2d 1012, 1014 (5th Cir. 1983)  However, in most instances, differences in location, property characteristics, and timing of the comparable sales should go to the weight of the evidence rather than to the admissibility.  *4.85 Acres*, 546 F.3d at 619; *accord 320.0 Acres*, 605 F.2d at 800.  The Eleventh Circuit has recognized that, given the broad range of comparable sales, "'sound and just trial practice is to admit as many of the 'most comparable' sales available as is necessary to fairly permit each side to present its argument of fair market value for the jury's consideration.'" *0.161 Acres*, 837 F.2d at 1043 (quoting *320.0 Acres,* 605 F.2d at 798).

may submit evidence of comparable sales to establish value;[5] however, the court assumes

that Ballard additionally intends to use comparable sales evidence to support his ultimate

opinion that the highest and best use of the property is for development and resale.  Such

use of the evidence falls within the province of expert testimony.  Even assuming that

Ballard might also qualify as an expert based upon experience,[6] though not a

"professional appraiser," his use of comparable sales, to form the basis of a proposed

highest and best use valuation opinion, would then be subjected to the scrutiny given

expert witnesses.

**Highest and Best Use**

The Eleventh Circuit has stated: "The 'highest and best use' rule ensures that 'just'

compensation' takes into account all the possible and probable uses for a property, not

just the use to which the current owner is putting it."  *United States v. 480.00 Acres of

Land*, *More or Less, in the County of Dade, State of Fla.*, 557 F.3d 1297, 1312 (11th Cir.

2009).  A presumption exists that the current use of a property, at the time of the taking, is

its highest and best use.  *United States v. Buhler*, 305 F.2d 319, 328 (5th Cir. 1962).  To

overcome the presumption and prove value based upon a proposed use "requires a

showing of reasonable probability that . . . there is a demand for such use in the

reasonably near future."  *Fordyce v. United States*, 7 Cl. Ct. 591, 600 (1985); *United

---

[5]The court makes no determination, at this time, regarding the admissibility of Ballard's comparable sales evidence as direct proof of property value.

[6] At oral argument on this Motion, the court noted that while Ballard could possibly have qualified as an expert, he took no steps to do so.

*States v. 341.45 Acres of Land, More or Less, Located in the County of St. Louis, State of Minn.*, 633 F.2d 108, 111 (8th Cir. 1980). An award of "just compensation cannot be based upon potential uses which are speculative or conjectural." *320.0 Acres*, 605 F.2d at 814. Only when "the landowner has produced credible evidence that a potential use is reasonably practicable and reasonably probable within the near future," is it proper for the jury to consider the impact of the property's potential use on its value. *Id.* at 817.

In its brief, the government contends that a landowner is "not automatically qualified to testify about valuation techniques that only professional appraisers would have the training and expertise to apply accurately;" and, "evidence other than comparable sales must be presented by expert witnesses and based on objective facts." (Doc. 51, p. 12 [citing *429.59 Acres*, 612 F.2d at 462].) The government argues that although, under Rule 702 of the Federal Rules of Evidence, a landowner may be deemed to have "specialized knowledge,"[7] the proposed expert testimony must satisfy the requirements set out in *Daubert v. Merrill Dow. Pharm., Inc.*, 509 U.S. 579, 589-90 (1993) and *Kuhmo Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (extending *Daubert* to include non-scientific testimony based on "technical" and "other specialized" knowledge). (Doc. 51, p.6.) The court agrees.

---

[7]*See* Fed. R. Evid. 702, Comments for 1972 Proposed Rules ("The fields of knowledge which may be drawn upon are not limited merely to 'scientific' and 'technical' but extend to all 'specialized' knowledge. Similarly, the expert is viewed not in a narrow sense, but as a person qualified by 'knowledge, skill, experience, training or education.' Thus, within the scope of the rule are not only experts in the strictest sense of the word, e.g. physicians, physicists, and architects, but also the large group sometimes called 'skilled' witnesses, such as bankers or landowners testifying to land values.").

The court has the responsibility of determining admissibility.  When the expert's testimony is speculative or based on guess-work, exclusion is proper, and when it has a sufficient basis in fact, the court should permit the testimony and allow inquiry into the basis of the expert's opinion.  *0.161 Acres of Land*, 837 F.2d at 1040 (citation omitted). When evidence of comparable sales is used to support an expert's opinion, "'the requirement of showing similarity between the subject property and the other sales is not as rigorous as it is when the sales of other property are offered as substantive proof of value.'"  *Id.* (quoting *429.59 Acres*, 612 F.2d at 462).  Nevertheless, the comparable sales evidence proffered by Ballard does not support his opinion of highest and best use of the property.

In response to the government's Motion in Limine, Ballard presents data reflecting, merely, that sales have occurred in areas adjacent to his property.   (Doc. 53, pp. 2-3; Doc. 53-2, Aff. Ballard.)  Noticeably absent from his data is the price for which the properties sold, the nature of the transactions (whether they were arm's length or forced), and what property interests were being transferred.  Responding at oral argument, Ballard asserted that, at the very least, the sales data reflects demand in the area and, thus, supports his valuation of highest and best use.  "It is true that the landowner is not limited to showing value of the existing use of the land; evidence of potential uses to which property may readily be converted is properly admissible, since demand for potential use affects market value." *United States v. 158.24 Acres of Land*, *More of Less, in Bee County, Texas*, 515 F.2d 230, 232 (5th Cir. 1975) (quoting *Olson v. United States*, 292

U.S. 246, 255 (1934)).  However, Ballard has failed to demonstrate that his proposed highest and best use is probable and not speculative.

In *United States v. 158.24 Acres of Land*, the landowner contended that the highest and best use of the land was small rural tracts held for recreational and residential purposes.  515 F.2d at 233.  The court found the landowner's evidence was speculative and affirmed its exclusion from the jury holding:

> While landowner's experts stated that in general there was a market for small tracts across the entire South Texas area . . . , the sole proffered indicator of such a trend in the area . . . was a single group of smaller tracts north of the land in question."  However, sales of these tracts were few in number and concentrated in time period.  A good number of them did not take place until two to three years after the date of taking[,] [sic] hardly an indication of demand for small tracts at the valuation date. . . .The population growth in [the area] was nearly stagnant.

*Id.*

Similarly, Ballard has failed to demonstrate that the highest and best use of his property, other than its current use, is reasonably probable and not speculative.  In response to questions regarding the justification for his opinion, Ballard gave deposition testimony that he calculated his property's value based upon a map he prepared the night before the deposition, and based upon anticipated sales in two to three years.  (Doc. 52-2, pp. 20, 24.)  As the government points out, Ballard has not conducted a formal market study.  (Doc. 51, p.14.)  In sum, Ballard has not offered credible evidence, whether by comparable sales or otherwise, sufficient to support his highest and best use opinion.

**Conclusion**

Based on the forgoing reasons, the Motion in Limine filed by the United States' to limit testimony by George Ballard and William H. Huffman, III, (doc. 50), will be granted.  An Order granting plaintiff's Motion will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 30th day of June, 2010.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE